UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELLY E,<br><br>                Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>                Defendant. | CASE NO. 3:18-cv-5089 RAJ-JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>NOTING DATE: December 14, 2018 |

    This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 10, 11, 12.

    After considering and reviewing the record, the Court finds that the new evidence plaintiff submitted to the Appeals Council has a reasonable possibility of changing the outcome of the decision. Plaintiff submitted a letter from her treating physician prior to her hearing which indicated that she had a surgical consultation scheduled with Dr. Cove, an orthopedic specialist.

After the ALJ issued her unfavorable decision, plaintiff submitted to the Appeals Council a letter from Dr. Cove which stated that he agreed with the assessment of plaintiff's treating physician, that plaintiff required a third back surgery, and that plaintiff would likely be absent from work three days per month. This new evidence presents a reasonable possibility that the ALJ may have added additional limitations to plaintiff's RFC, which may have altered the disability determination.

Accordingly, this Court recommends that this matter be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, Shelly E., was born in 1974 and was 39 years old on the amended disability onset date of June 2014. *See* AR. 56. Plaintiff completed 11th grade and has work history as a cashier, janitor, and in a grocery store. AR. 53, 255. Plaintiff stopped working because of her impairments and because she was having difficulties with her daughter's behavior. AR. 57-58.

According to the ALJ, plaintiff has at least the severe impairments of degenerative disc disease of the lumbar spine, obesity, hypertension, and carpal tunnel syndrome. AR. 21.

At the time of the hearing, plaintiff was living in an apartment with her mother. AR. 52, 248.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following

reconsideration. AR. 92, 105, 120, 136. Plaintiff's requested hearing was held before Administrative Law Judge Kelly Miller ("the ALJ") on June 6, 2016. *See* AR. 19. On October 26, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 19-38.

On December 29, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see* 20 C.F.R. § 404.981. With her request for review, plaintiff also submitted additional records to the Appeals Council, which became part of the administrative record.

Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in February 2018. *See* Dkts. 1, 4. Defendant filed the sealed administrative record regarding this matter ("AR.") on April 17, 2018. *See* Dkt. 8.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly rejected the opinion of plaintiff's treating physician; and (2) Whether new evidence was properly rejected by the Appeals Council. Dkt. 10, p. 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//
//
//

DISCUSSION

**I.   Whether the Commissioner properly rejected new evidence first submitted to the Appeals Council.**

Plaintiff asserts that the Commissioner failed to properly consider new and material medical evidence which was submitted to the Appeals Council. The Court may review new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)) (overturned on other grounds). The Ninth Circuit did not require a finding that plaintiff had good cause for failing to produce the new evidence earlier. *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1162 (9th Cir. 2012); *see also Ramirez,* 8 F.3d at 1451-54; *see also Taylor,* 659 F.3d at 1232. Moreover, the Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added). Therefore, this Court considers whether the ALJ's decision was based on substantial evidence, including the evidence submitted to the Appeals Council after the hearing.

New evidence submitted after a hearing must be material and relate to the period on or before the date of the hearing. 20 C.F.R. §404.970(a)(5).  Plaintiff alleges disability primarily due to her back impairment, which includes multiple surgeries. Plaintiff's treating physician, Dr. Lomarda, submitted an opinion stating that, *inter alia*, plaintiff had worsening pain since her last surgery and had an appointment scheduled with orthopedic surgeon, Jos Cove, MD. AR. 1241.

Plaintiff submitted an opinion from Dr. Cove to the Appeals Council on December 14, 2016. AR. 44.  The letter, dated December 5, 2016, stated that Dr. Cove agreed with the opinion of Dr. Lomarda and that plaintiff required surgical intervention, which was in the process of being scheduled. AR. 44.

In denying review, the Appeals Council stated that "[t]his additional evidence does not relate to the period at issue. Therefore it does not affect the decision about whether you were disabled beginning on or before October 26, 2016." AR. 2. The Appeals Council does not discuss why the evidence does not relate to the period at issue. However, Dr. Cove's opinion commented on evidence that was before the ALJ at the time of the hearing. Dr. Lomarda's letter was dated June 1, 2016, and plaintiff's hearing was held June 6, 2016. *See* AR. 19, 44-45, 1241-42. Defendant asserts that because the letter from Dr. Cove was dated after the ALJ's unfavorable decision, it is less persuasive. Dkt. 11, p. 7.  However, Dr. Lomarda's letter referenced plaintiff's future appointment with Dr. Cove. AR. 1241. Dr. Cove's opinion included, in part, a statement agreeing with Dr. Lomarda's opinion. AR. 44. Therefore, Dr. Cove's letter does relate to the period before the hearing.

New evidence must also be material. 20 C.F.R. §404.970(a)(5).  The Ninth Circuit has held that "evidence is sufficiently material to require a remand 'only where there is a *reasonable possibility* that the new evidence would have changed the outcome of the Secretary's determination.'" *Booz v. Secretary of Health & Human Servs.,* 734 F.2d 1378, 1380 (9th Cir. 1984) (emphasis in original)(*citing Dorsey v. Heckler,* 702 F.2d 597, 604 (5th Cir. 1983)). The Court in *Booz* also stated that "the materiality of new evidence should not be tested as strictly in the administrative [context], as in the judicial context." *Id.* at 1381.

1      Dr. Cove stated that objective findings supported Dr. Lomarda's medical opinion that
2  plaintiff's back condition would be expected to result in three or more absences per month and
3  precluded sedentary employment. AR. 44. Dr. Cove also noted that plaintiff's symptoms and
4  functioning would continue until plaintiff recovered from surgery. AR. 44. Dr. Lomarda's
5  opinion, which Dr. Cove adopted, stated that plaintiff suffered from radiculopathy which has
6  continued to worsen since her surgery in June 2015. AR. 1241.
7      Defendant asserts that the ALJ properly rejected Dr. Lomarda's opinion, and therefore
8  Dr. Cove's opinion may be similarly rejected. Dkt. 11, p. 7. Defendant also asserts that Dr.
9  Cove's opinion is duplicative of Dr. Lomarda's opinion. Dkt. 11, p. 7. This argument may be
10 more persuasive if Dr. Cove were a reviewing physician who merely reviewed Dr. Lomarda's
11 records. However, Dr. Cove is an orthopedic specialist who examined plaintiff and determined
12 that she would require a third back surgery. AR. 44-47, 1241-42. Moreover, defendant concedes
13 that "the only significant difference [between the two opinions is] that Dr. Cove noted that
14 'advanced orthopedic changes in L[umbar] spine' supported her conclusion." Dkt. 11, p. 7; AR.
15 45. These findings have a reasonable possibility of changing the outcome of the case.

16  **II.    Whether the ALJ erred in rejecting Dr. Lomarda's opinion.**

17      Plaintiff also contends that The ALJ erred in rejecting Dr. Lomarda's opinion. Dkt. 10,
18 p. 1. The ALJ rejected this opinion because she determined, in part, that Dr. Lomarda's opinion
19 was inconsistent with the objective evidence in the record. AR. 34. The ALJ did not have the
20 opportunity to examine the evidence submitted to the Appeals Council which notes that plaintiff
21 requires an additional surgery. This Court has determined that the newly submitted evidence has
22 a reasonable possibility of changing the outcome of the case. Therefore, on remand, the ALJ

should reconsider Dr. Lomarda's opinion in light of the new evidence submitted after plaintiff's hearing.

### III.  Remedy.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (quoting *Smolen*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *Id.*  The ALJ must consider the new evidence which was submitted to the Appeals Council because "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing 20 C.F.R. § 404.1527(d)(1)-(3)).  Therefore, remanding the case for further proceedings is the appropriate remedy.

//

//

//

CONCLUSION

Based on the reasons herein, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration December 14, 2018, as noted in the caption.

Dated this 28th day of November, 2018.

J. Richard Creatura
United States Magistrate Judge